Okay, good morning. Is everybody on board here? Okay I'm Justice Terrence Lavin and with me are my colleagues Justice Coghlan and Justice Puchinsky And we're calling the case of the people of the state of Illinois versus Anthony Townsend number 1-17-1024 And the way we're doing these zoom arguments is that we will give each side 10 minutes uninterrupted from any questions and then after that we'll ask some questions and Then five reserve five minutes for rebuttal So it's a 15 and 15 plus five minutes for rebuttal and 10 uninterrupted to begin each argument So first we will hear from the state appellate defender Good morning, your honors. May it please the court? My name is Caroline Borland and I represent the appellant Anthony Townsend and Mr. Townsend's post-conviction petition He alleged that he received ineffective assistance of counsel where his pretrial attorney usurped his choice for a bench trial and told him She was running the show and he would be tried by a jury. On that issue There are several points on which the parties agree. First, the parties agree that all well-pled assertions in Mr Townsend's post-conviction must be taken as true unless rebutted by the record the parties also agree that An attorney's usurpation of a defendant's choice for a bench trial is a thing that can be ineffective assistance of counsel And that this claim is measured Prejudice is measured by whether or not this defendant establishes a reasonable probability that he would have chosen a bench trial and Not based on the strength of the evidence as the trial court ruled in this case So Townsend's claim is the type of claim that if ultimately proven true will entitle him to relief I think there are two really big questions in this case the first being was Townsend required to speak up in court to assert his right to make this claim in a post-conviction petition and Second, how does the fact that a different attorney represented him at trial affect his claim? With respect to the first issue The fact that he did not assert that he wanted a bench trial in open court does not destroy the arguable nature of his Claim on this point's resolution of this issue hinges on one really key fact That's when he told his attorney that he wanted a bench trial She told him she was running the show and he would get a jury trial So to him that means oh, this is something that the attorney controls not me None of the cases cited in any of either parties briefs have held a defendant to speak up in court under that specific fact Certainly the cases we've cited barks McCarter Holly Those cases were either advanced to a post-conviction to further proceedings or to further crinkle proceedings Even though the defendants did not speak up in court It's also consistent with the cases discussing a defendant's right to testify So long as there is that claim something that he made in the petition to show he did not know that was his choice The claim is sufficient to advance one example of that is people be bond perviant In the reply brief there when the defendant said I want to testify his attorney said you cannot testify That was the showing that he doesn't know he has that choice Honestly even the state's 4th district case people V Powell that does not conflict with this law in that case There was no allegation or no evidence made but or any assertions made by the defendant To lead him to believe that the choice between a bench and a jury trial did not belong to him All he said was he told his attorney he wanted a bench trial and then the bench the attorney chose a jury trial in that Circumstance where there's nothing to indicate why the defendant wouldn't know that this was still something to belong to him The courts haven't been sympathetic to those defendants when you hear some your attorney say something contrary to what you told him in court You should speak up and courts have recognized that but the key distinguishing fact in this case is that nothing? There's nothing in the record to indicate Townsend knew he had the choice The trial court never admonished him as it was not required to do The attorney never said I spoke to Townsend and he wants this choice the trial court never asked the attorney What does Townsend when it was always between Townsend and his attorneys? What form of trial will he have and he had been told when he asked for a bench trial? He couldn't have one So in that case you can't expect defendants like Townsend to assert a right in court that they don't know that they have it's almost like when an attorney is questioning witnesses if The defendant knows that's something the attorney decides how to do. They can't just speak up in court and say hey you missed this question There's protocols to quorum. They know that they're supposed to be silent on issues that attorneys control So here the very crucial fact the evidence showing why Townsend would have believed he did not have the right to make this choice himself Should preclude him from having to speak up in the trial court He should be expected to speak up as soon as he knows that he had that right within a reasonable amount of time Which he did here by filing the post-conviction petition Second the fact that Townsend was represented by a different attorney at trial Should not destroy the arguable nature of his claim at this early stage of post-conviction proceedings At the time that new counsel Stephen Greenberg entered this case The trial had or the pretrial proceedings had been proceeding for a year and a half The jury trial had been set it just been continued a couple times Greenberg came in in a position That's where the jury trial had already been set Greenberg would believe since this is a choice usually made by the defendants that this was something Townsend wanted So he didn't have any reason to confirm with Townsend To discuss with Townsend which form of trial do you want because it already been decided? Certainly Greenberg said in court that it would likely be a jury trial when the trial court asked Greenberg What form of trial it would be and I think that does show Greenberg is considering Maybe I want to think about a different trial if I do think a bench trial I will advise Townsend at that point But unless he made the decision that he would recommend a bench trial again There was no reason for him to discuss that with Townsend Nor did Townsend have a reason to bring this up with Greenberg because he would think based on what pretrial counsel told him This is something the attorney controls anyway, and again, he was thinking in his mind This has been set the state keeps answering ready for a jury trial at this early stage of proceedings It's whether the claim is arguable Townsend said in his post-conviction petition, especially in his affidavit I would have taken a jury trial But for what my pretrial counsel told me to him that implies that what happened with Greenberg was not important What his when he asked for a bench trial it was ignored That was what was important to him that claim is not rebutted by anything on the record or by Greenberg's Threshold of post-conviction proceedings and it does not destroy this court It was an arguable claim that should have advanced a second stage That this court should reverse and now I'd like to take time for your your honors questions Well, why don't you? First address the issue of what if you do prevail that you wanted to go to a different judge Oh, okay to that regard I think the cases show you can get a different judge when the judge shows bias, which we don't allege in this case There's absolutely no indication that judge Lynn is biased against Anthony Townsend But it's also when there's anything in the record to show the judge has prejudged the case and in that regard Here there are circumstances to show that Here the evidence was not relevant to this question But judge Lynn was so impacted by the evidence that he could not rule on The constitutional claim fairly and to a certain extent. This is a structural error The state agrees actually that judge Lynn should not have done that and if Townsend was denied this, right? He was denied his constitutional, right? He is to start fresh with a new trial with someone who's not impacted by the evidence all of this That judge Lynn already has about this case Kind of shows a prejudgment and I think it's also relevant that when ruling on the motion for a new trial Judge Lynn was not so firm and saying I've already considered all this evidence He said, you know, it was a close case the jury made a split decision We have to respect their verdict So just this instinctive knee-jerk reaction of it doesn't matter because I would have found him guilty Anyway does show a prejudgment that gives us concern and in the interest of justice. That would be something this court could do Okay, my colleagues any questions? No, I Have a question So it's your position that anything that a prior lawyer does in the history of his representative defendant The new lawyer if there is one which there was in this case is somehow bound by that advice and they don't even have an Obligation to have a discussion with their client um, I Know it's not we wouldn't go that far. I think it's very unique under this case of Here when Greenberg came in everything had already been set. They it was kind of last-minute that he came in. He was nine months I think it was a year and a half or like Delay of 2010. Oh, oh, you know, I mean before Greenberg came in is that Unless I'm misreading the record. He was in at least nine months prior to proceeding. Oh, that's true. Your honor. Yes and I just That lawyer and he had any obligation to have a discussion with his client that he's somehow bound by what the prior lawyer did I don't think he's bound by what the prior lawyer did I think under these circumstances he could assume that that's what Townsend wanted and even if he probably did bring this up with Townsend What form of trial am I hiring on to I mean he was a private private attorney and I think at that point Townsend given what had happened before it had already been set for a jury trial, you know, it's scheduled Oh, you're coming into a jury trial And then I think if Greenberg wanted to change his mind He certainly could have and then he could have advised Townsend. Hey, I don't think that's a good idea But here there's nothing in the record to show he did that it's possible He didn't do that. And then maybe he was ineffective too, but he doesn't have to be found ineffective To be I guess my question is it's your position that that your client doesn't you have to allege whether or not that conversation occurred? I think under the Illinois Supreme Court in Edwards. They were just rejected the sufficient facts test They recognized that while clients might know all the important facts. They don't know what's important under the law here Especially if Greenberg and Townsend never had that conversation The crucial fact to him was what happened when I asked for a bench trial I certainly think this needs to be fleshed out at second stage And then the attorney can come on and help but you know, and what if there was another lawyer? What if what if Greenberg was his third lawyer and the first layer told him something? I mean, how far back do you go? I think we can just go to what the record looks at  Then you assume someone has had that conversation But here at first stage low threshold where there were only two lawyers where the jury trial already had been set in where Specifically Townsend was told by his first attorney Facts you don't get to control this decision. I think that's enough to plead the arguable claim here. Thank you so I just want to make sure so Really the reason that it needs to get to the second stage is so we can figure out who said what and when? Yes, so the claim can be exported at that point he will have to make a substantial showing of a constitutional violation. Yeah Let me ask you. Are you suggesting that it would be improper for the defendant to directly address the court? About wanting a bench trial even though his Counsel has told him it's going to be a jury trial. I I don't think I mean, I think if it's in the context of When the attorney says hey It's going to be a bench trial or a jury trial if there's nothing for the defendant to believe that's not something he controls Then yeah, I think you would expect him to speak up at that moment But when the defendant has been told this is something controlled by his attorney Defendants don't typically speak up to say even when the attorney says our defense is going to be this The defendant doesn't come up and say no. I want it to be this They know that they are supposed to remain silent on issues their attorney controls Well given the fact that he didn't say anything doesn't that Rebut his assertion that he would have waived a jury trial and his counsel told him that he had a choice I think the crucial fact here is that His attorney when he asked for a bench trial his attorney told him no She ran the show and he was getting a jury trial in that case There's no reason for him to speak up because he would feel like whatever he said didn't matter because this was the attorney's choice Okay, no further questions for me any of my colleagues no, okay, let's proceed to hear from the state Thank you and good morning Assistant State's Attorney Douglas Harbath on behalf of the people in the state of Illinois and may it please the court The trial court properly dismissed the defendant's post-conviction petition and this court should affirm that ruling for two reasons two related reasons first Even taking defendants claim that appointed counsel Coerced him to select a jury trial as true appointed counsel withdrew from representing defendant He retained private counsel and the case was repeatedly set for a jury trial in the defendant's presence and with his acquiescence in fact the record itself does show that the defendant had a choice of a quote bench or jury as The trial court asked in his presence and this was long after appointed counsel withdrew And at that point defendant did not assert his desire for a bench trial. He didn't do it at any point Thus the record positively robust defendants claim that he was forced to have a jury trial With retained counsel a year after appointed counsel allegedly told defendant that she was running the show and second Also accepting defendants claim as true There is no basis in law or in fact that appointed counsel's alleged Coercive conduct had any effect on defendants ability to choose a bench trial while represented by private counsel of his own choosing More than one year after she withdrew from the case There is a fundamental disconnect between the claim in the defendants post-conviction petition and the claim that he makes on appeal to be clear defendants post-conviction petition claimed only that appellate counsel Usurped his choice of which trial type of trial to have the defendant never made any Allegation whatsoever against the attorney that he retained Steven Greenberg In fact as we note in our briefs post-conviction petition did not even mention. Mr. Greenberg Defendant never claimed that Greenberg pressured him or improperly influenced his choice In fact defendant never even claimed that he told mr. Greenberg that he wanted a bench trial and this is important The defendant never claimed and this is very important because I believe this is the crux of the defendants claim on appeal He never claimed when he that he was unaware that he could change his election in the lead-up to trial He makes this claim for the first time on appeal This court should reject the defendants new claim Because he is unable to establish with anything beyond conjecture that Appointed counsel's alleged statement that she was running the show made long after the case was Made long before the case was tried by retained counsel had any effect on his choice of which type of trial to have So for those reasons this court should affirm the trial court's judgment dismissing the post-conviction I think it's important as my opponent has essentially conceded that it's unknown what he was thinking What was in his mind that maybe he was stuck with a jury trial, but that was not in the post-conviction petition And that the very essence of that is speculation and it's very well settled that Speculation cannot form the basis of an ineffective assistance of counsel claim on direct or post conviction appeal Turning to the merits of the first argument the record positively rebuts the defendants claim that he was forced to have a jury trial Long be long after appointed counsel withdrew this case was repeatedly set for a jury trial in his presence He never said that he wished for a bench trial And he never claimed as he does now that he was unaware that he could change his election the record as I indicated shows specifically that the case was set for jury trial and on at least one court date the judge asked bench or jury which explicitly if nothing else gave the Indication to the defendant that he had a choice It could be a venture or jury and this is long after appointed counsel withdrew and Steve Greenberg said it'll likely be a jury trial That was his response likely again indicating that it could be a jury or a bench. His election could change So the record plainly reflects the defendant had a choice Even after appointed counsel allegedly made that course of remark According to the defendant the public defenders alleged remark must have led to the inescapable Conclusion that Greenberg also would force him to have a jury trial, but this is a non sequitur It does not follow as I think as Justice Coghlan Intimated that this was this would sort of have a per se Effect if someone made a claim against one attorney that was replaced by a second attorney or even a third attorney You could always make the claim based on speculation But he didn't know that he had the right to change his election or that the subsequent attorney or attorney after that Would also sort of have this would also pressure him or force him to have a jury trial In short, there's nothing in the post conviction petition or in the record Indicating that when the defendant actually elected a jury trial in 2012 that he was pressured or coerced in any way But the law in Illinois is clear that unlike with a jury waiver to elect a bench trial the defendant has an obligation to make a contemporaneous request at the time of trial and this is majority of those cases naturally are direct appeal cases Which defendant points out or argues in her reply his reply brief that they are in opposite for that reason but they are very applicable to this case because there is this disconnect the defendant is superimposing his claim with regard to The public defender who withdrew from the case on to new counsel on to retain counsel Steve Greenberg but cases like Brown and Powell Explicitly say that the onus to assert the right to a bench trial is on the criminal defendant The reviewing court will not entertain a post hoc claim that he actually wanted a bench trial With regards even if it's not positively rebutted by the record in the lead-up to trial defendants claim regarding Greenberg was not in the petition And it is based solely on speculation His sole claim in the post conviction pertained to appointed counsel and did not even mention Steve Greenberg The in the reply brief is I think the defendant tries to bring it back to appointed counsel But this claim is is directly centered necessarily centered on Mr. Greenberg because it involves a question to quote the brief of whether Greenberg or if Greenberg ever discussed the possibility of a bench trial and my opponent even indicates that admits that Greenberg probably did discuss the defendant that he had the right to a bench trial or a jury trial that sort of is fatal to defend its position because if he had This conversation which you which counsel indicates that he likely did have At most it's not in the petition. It's speculative But if you did have that conversation, then then the the claim necessarily fails And just just finally with regard to as Justice Lattin brought up the issue with regards to Justice Lynn Excuse me, Judge Lynn and whether or not they should go back to another judge There's no evidence whatsoever that Judge Lynn is biased or that he was prejudiced against the defendant simply because he dismissed the post conviction in part on an erroneous, illegally erroneous basis. It's well settled that trial judges presumed impartial and that the burden showing That the judge is biased or partial is on the defendant and the burden The burden is to show actual prejudice not just possibility of prejudice and this claim the defendant admits There's no evidence that your judge was biased or that he's prejudged the case He simply misapplied the rule set forth in McCarter Which said that the strength of the evidence or whether or not the result would have been different is irrelevant to the question So the fact that the trial court included a legally incorrect basis It's not it's so facto evidence of the judge's bias to prejudice So for those reasons we've asked that this court affirmed the trial court's judge in dismissing the petition Thank you very much. No questions from me. How about my colleagues? I have one Mr. Horvath, you've said that the burden is on the defendant the judge said Jury or bench, but he was addressing the attorney and if this defendant already thought that that was the attorney's choice I Don't you think it would be unlikely for him to say wait, wait, wait I want to say something your honor at that point, especially since they're constantly told don't say anything Your attorney is going to do all the talking I Agree, your honor, and I think that would apply Directly to the defendants claim with regard to Lana Johnson the public defender Who the claim is and then taken as true the claim is that she she coerced him. She pressured him Of course, he would not feel at liberty to speak up But I think there's a disconnect because now we have a second attorney the defendant hired a defendant of his own choosing If he wants it he heard him, you know Essentially, there's a contract on what it's going to cost for a jury what it's going to cost for a bench trial So, I think there is a disconnect there and it's it necessarily involves speculation to to believe that any sort of pressure that he felt from from a point of counsel would sort of Necessarily follow when he hired attorney of his own choosing But he may easily have still felt it was the attorney's choice. Not his Since that's what he was told the first time and I mean I can imagine a defendant having been told This is the attorney's choices. I'm the attorney and it's my choice Just believing that and I can also easily understand a defendant Not wanting to pipe up in court when everybody is constantly saying don't say anything. Let your attorney do the talking It's possible that we could guess that after this was all over he said to his attorney Hey, you know, what were you doing? We don't know that We do know that the attorney was the one who was addressed by the judge not the defendant and we do know that the attorney was the one that said likely be a jury and I think we're stuck with those facts and to the extent that we're holding one attorney accountable for what the first attorney did I wonder if if In this particular case with this particular set of facts with this particular first attorney being According to this petition, which we're taking is true at this point Very very demanding that it was her job. Not the defendant's job to decide this her being the attorney's job That this defendant could believe. Yeah that it's always going to be the Count the attorney's job to figure this out. Not mine Well, I think you know the exact quote is that I'm running the show I Think it's there's no claim in the petition that this is not a decision that you ever have to make This is just the attorney only the discerning attorney She the claim is that she said I'm running the show and there's no claiming that whatsoever that Greenberg repeated that and I think I guess what I it's a Claim like this would result in a per se rule anytime you make a claim that your attorney Forced you to a jury trial despite evidence in the record it conflicts with with those cases With Brown with Powell with I believe it's pronounced Kieffel. And of course, those are direct appeal cases How Powell as I understand it was actually a crankle case and that so that's akin to a post conviction It's been compared that way in the past But the rule is that you have to make a contemporaneous assertion of your right to a jury trial Otherwise, there's a per se rule and I think it's just I'm sorry I just want to ask you a question both you and your colleague have said it's the defendants burden To speak up and say what he wants if he wants a bench trial now Everybody knows their admonitions if you want to waive a jury Everybody knows that but nobody there. There are no admonitions that are required if you want to waive a bench trial, so How would a defendant know? Oh, this is my cue to step up and say wait a minute. Wait a minute I I want something different if There's no admonition. There's there's no case law that says the judge has to say directly to the defendant Hey, what do you want a bench or a jury? the judge is talking only to the attorneys the defendant is constantly being told to keep quiet and I Think if there's a disconnect I think the disconnect is in what the best practice would be which would be for the trial judge to say to the defendant Mr. Jones, mr. Smith you it is your choice. What do you want? But they don't there's no requirement that they do that So, how would a defendant know he has a choice or he has even that responsibility if his attorney didn't tell him that The judge doesn't tell him that He's not going to get it by osmosis walking into the courtroom Well, I understand that I understand There's there's there's a series of cases where they they sort of there is no bench waiver quote-unquote but but I think that's why I put in my brief citing to Ennis and Youngblood cases involving the constitutional right to testify which is a direct analog to this claim because like the right to a Choose a bench or jury as a personal right So is the right to testify of course the defendant can take his counsel's advice But ultimately it's his or her decision. So the Identical But the judge says no At the beginning of the trial the judge says the defendant doesn't have to testify and the and the judge will say to the defendant It's your choice not to testify. No judge here is saying to the defendant. It's your your mr defendant's choice to decide on a judge or a bench or a jury and So, I don't think that you can mix those rules up that way I think that you've got a really well, there's no requirement I'm sorry You're there's no requirement that the trial judge Admonish the defendant the right to testify just like there's no requirement that the admonition right to let you I know that but there Are in in there? Right at the very beginning of jury selection. The judge tells the jury that So the defendant knows that from hearing those those instructions to the jury pool. I Don't think that you can mix those those two things up I think that you've got to keep you've said there's no bench waiver, and I think you've got to keep that separate Okay, well, I just I guess my my my simple point is that there's no requirement that and this is perfectly clear that there's no Requirement that a knowing and intelligent waiver of a bench shall be on the record That's that's that's that's I think a good it's a good rule. This is to prevent claims precisely like like this now I understand that the defendant has made a claim with regard to prior counsel But what he's done now is he's superimposed that on to subsequent counsel and it is Justice Coghlan pointed out What if we had three or four lawyers later? He keeps changing those pro se then he hires new counsel It just there's a disconnect And I think any claim with regards to whether or not he was unaware that he could change his election or that he didn't have These conversations with mr. Greenberg is by definition is speculative Okay Miss Borland rebuttal Thank you Okay, thank you, I'll be brief Can you guys can you hear me your honors? Did I unmute myself successfully? You hear you you can okay I guess the first point is we are not alleging Greenberg was ineffective. We're not trying to superimpose that claim at all We do have to discuss what the record shows whether or not Greenberg's appearance rebuts What Townsend was told and and that's to the extent we are arguing that we're not making any claim And I don't think Greenberg has to be found ineffective in this case to make this claim work he certainly could be through further proceedings, but he doesn't have to be because of the fact of what Townsend had been told and when you're told by your first attorney flat-out I'm running the show being only impression is oh, okay. This is a choice made by the attorney not me, so Even if they did discuss when they were signing the retainer What form of trial was this it was already been scheduled for a jury trial Townsend could simply say oh I'm hiring you for a jury trial and they wouldn't have had to have any further discussion about that Our second point would be that this won't create a per se rule I think one very simple it's actually going to be pretty rare Where none of the conversations about the bench or jury trial mentioned the defendants right at all In one of the cases cited by the state about a jury waiver. It's people be briars riles We are IALS the reason why they required the defendant to speak up in court That was a jury waiver case was because the attorney said the defendant I talked to the defendant and he wants a bench trial a lot of times there will be some sort of discussion that's all defense counsel has to do to shield himself from claims like this is to say a Talk to the defendant. It will be a bench trial at that point that gives the defendant some sort of clue Oh, this is my choice If there's anything in the record that allows for that inference then the claim could argue be arguably be rebutted I think it'll be very rare for there to be cases like this one where every single as justice Patrinsky pointed out every single Admonition was always directed toward trial counsel And I guess the third thing the point I would make Regarding the right to testify I urge your honors to look closely at people be young blood cited in the state's brief and people be Budver pant cited in the reply brief when there have not been admonitions on the record about the right to testify Courts have not held the defendants to speak up in court young blood in particular talks about when you raise this claim in a PC You don't have to say you alerted the trial court. You only have to make the allegation You told your attorney that allegation was made by Townsend here and the manner in which pretrial counsel was so abrupt with that shows why he wouldn't speak up in court and Also at least continues to render his claim arguable about why he had a different attorney at trial represent him It continues to render that claim arguable all of that can be fleshed out and maybe ultimately it won't this won't end up being a claim Because Greenberg did do everything he wanted but again Townsend was only required to state the gist of a constitutional claim He said I would not have taken I would have taken a bench trial But for what pretrial counsel told me I think again in his mind that seals That's when the decision was made and that's enough to state the gist of a constitutional claim All right, I think we're all set thank you very much both counsel for your briefs and your arguments we will Consider the matter and be back to you with an opinion within a couple weeks. Okay. Thank you We are adjourned